IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TAREK BOUANANE, <br><br> Defendant. | 2:21-CR-476 |

## MEMORANDUM ORDER

On September 29, 2023, a jury found Defendant Tarek Bouanane guilty of conspiracy to commit wire fraud in connection with an international "grandparent scam."[1] ECF 160; ECF 181 pp. 4-5. This Court sentenced Mr. Bouanane on January 19, 2024, to 46 months of imprisonment. ECF 215. Mr. Bouanane appealed his conviction on January 22, 2024 (ECF 220), and now moves under 18 U.S.C. § 3143(b) for release pending that appeal. ECF 233. For the following reasons, the Court denies the motion.

As this Court has explained, "[t]he standard for obtaining relief under 18 U.S.C. § 3143(b) is 'difficult to satisfy.'" *United States v. Davis*, No. 2:20-24, 2023 WL 5228776, at *1 (W.D. Pa. Aug. 15, 2023) (Ranjan, J.) (quoting *United States v. Banks*, No. 21-3190, 2022 WL 444262, at *2 (3d Cir. Feb. 14, 2022)). Mr. Bouanane must show "(1) by clear and convincing evidence that he is not likely to flee and will not pose a danger to the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) if that

---

[1] The scam involved calling elderly victims and representing that a victim's relative, usually a grandchild, was detained and needed money for bail. The victims would then be instructed to hand off significant sums of cash to a conspiracy member posing as a "bail-bondsman," who would visit the victim at their home to retrieve the cash. ECF 181 p. 4. Mr. Bouanane served as one of these couriers. *Id.* at 5.

question is resolved in his favor, that decision will likely result in reversal, a new trial, a sentence that does not include imprisonment, or a sentence with a reduced term of imprisonment." *Id.* (citing 18 U.S.C. § 3143(b)).

Mr. Bouanane has met his burden on the first two prongs. As to his risk of flight and likelihood of posing a danger to the community, Mr. Bouanane was released on a $100,000 unsecured bond on December 1, 2021 (ECF 44) and complied with the conditions of his release. Other than a 2005 DUI and his participation in the grandparent scam, Mr. Bouanane has no criminal history. *See* ECF 181, pp. 7-8; *Banks*, 2022 WL 444262, at *2 (appropriate to consider defendant's propensity to commit crime generally). Indeed, the Court's decision to allow Mr. Bouanane to self-report and then to slightly delay the self-report date for Ramadan (ECF 232), "reflects a finding that [he] does not pose a flight risk or a danger to the community while under the previously imposed conditions of release." *United States v. Green*, No. 21-36, 2023 WL 185213, at *2 (W.D. Pa. Jan. 13, 2023) (Colville, J.), *appeal dismissed sub nom. USA v. Green*, No. 23-1213, 2023 WL 4906661 (3d Cir. Apr. 5, 2023). Nor is there any indication that Mr. Bouanane's appeal, filed by counsel, is brought for purposes of delay. *See United States v. Free*, No. 2:14-19, 2015 WL 8784738, at *2 n.2 (W.D. Pa. Dec. 15, 2015) (Hornak, C.J.) (finding no purpose of delay and explaining "in some circumstances it is perfectly reasonable to take the absence of proof of an event's occurrence as positive proof of its nonoccurrence." (cleaned up)).

The problem is that Mr. Bouanane hasn't met his burden on the second two prongs. "[T]he substantial question prerequisite requires the defendant to prove that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Davis*, 2023 WL 5228776, at *2 (quoting *United States v. Smith*, 793 F.2d 85, 88 (3d Cir. 1986)). "A question is substantial if it is significant and of more substance than would be necessary to a finding that it was not frivolous, not just because a defendant disagrees

with an outcome." *Id.* (cleaned up). The Court need not "predict that reversal is the likely outcome to find that an appeal presents a substantial issue of fact or law. Rather, the Court must find that the issues raised are 'fairly debatable' among jurists of reason." *Green*, 2023 WL 185213, at *2 (quoting *Smith*, 793 F.2d at 90) (cleaned up).

Mr. Bouanane argues that his appeal raises three substantial questions likely to result in a reversal or order for a new trial. The first two concern evidence of his criminal intent. *See* ECF 233, ¶ 9(a)-(b) (arguing there is insufficient evidence to support the *mens rea* element, and the jury verdict as to intent was against the weight of the evidence). But as the government notes, there was substantial evidence at trial that "[Mr.] Bouanane was traveling from state to state, taking instructions from people using aliases on an encrypted messaging application, picking up large amounts of cash from elderly people, delivering it to strangers for conversion into cryptocurrency, concealing his license plate, using an alias, hiding from cameras, and watching for police." ECF 235, pp. 2-3. The Court holds that this evidence supported the jury's finding of guilt, including on the question of intent, and that the jury's verdict was otherwise not against the weight of the evidence.

Mr. Bouanane's remaining issue is that the Court erred in overruling hearsay objections to certain written or voice messages. ECF 233, ¶ 9(c). But as the government explains, many of the messages simply were not offered for the truth of the matter asserted. ECF 235, p. 3. And as for those messages offered for their truth, the messages—made by Mr. Bouanane's indicted co-conspirators in furtherance of the conspiracy—were admissible as non-hearsay under Federal Rule of Evidence 801(d)(2)(E). *See* ECF 139 (order overruling Mr. Bouanane's hearsay objections).[2]

---

[2] In any event, even if Mr. Bouanane were right and the Court erred, the error is likely to be considered as harmless, as there was sufficient evidence to support the jury's finding of guilt even if the contested exhibits had been excluded. ECF 235, p. 4 (discussing Exhibits G-49 through G-49HH); *see United States v. Miller*, 753 F.2d

- 4 -

Because Mr. Bouanane cannot meet the second two elements under 18 U.S.C. § 3143(b) to obtain release pending appeal, the Court is constrained to deny his motion.

\* \* \*

For the above reasons, Mr. Bouanane's motion is DENIED.

DATED: April 5, 2024                    BY THE COURT:

                                        /s/ *J. Nicholas Ranjan*
                                        United States District Judge

---

19, 23 (3d Cir. 1985) ("If the error would be considered harmless or reversal or new trial would otherwise not be the remedy, the Act's requirements are not satisfied.").